8549

### STATE *EX REL.* ACKER v. MAJOR.

OFFICES.—A CLERK ELECTED BY COUNTY COMMISSIONERS over the protest of the supervisor, is entitled to the office as against one elected to that office by the supervisor who was re-elected and qualified before the new board was appointed, the old board acting with him in the election.

Action in the original jurisdiction by J. S. Acker against Jno. J. Major.

*Mr. K. P. Smith,* for relator.

*Mr. Clinkscales,* contra.

May 15, 1913. PER CURIAM.

This is an action, in the nature of *quo warranto,* to determine the conflicting claims of the plaintiff and defendant to the office of clerk of the board of county commissioners for Anderson county. That board is composed of the county supervisor, who is elected by the people, and two commissioners, who are appointed by the Governor, upon the recommendation of the members of the General Assembly for that county. The term of office of the supervisor and commissioners is two years, and until their successors are elected or appointed and qualified. By statute, the supervisor is made chairman of the board. Civil Code 1912, secs. 935, 938, 940.

The present supervisor, being in office, was re-elected, at the last general election, to succeed himself, and was commissioned for his new term in the early part of January. The present commissioners were not appointed and commissioned until the early part of March. Before that time, to wit, in January, the supervisor and outgoing commissioners undertook to appoint defendant clerk of the board for two years from that date. At a meeting of the board held

on March 4th, after the present commissioners were
appointed and qualified, the plaintiff was appointed clerk of
the board by them, over the objection of the supervisor, who
contended that the defendant's appointment was good for
two years.

The principles announced by this Court in the case of .
*Sanders* v. *Belue*, 78 S. C. 171, are conclusive of every ques-
tion involved in this case, and applied to the facts of this
case, they show clearly that the plaintff is entitled to the
office.

It is, therefore, adjudged, that the defendant has no right
to the office in question, and that he be excluded therefrom,
and that he deliver to the plaintiff the books and other prop-
erty and appurtenances of the office, and pay the costs of
these proceedings.