## FREEMAN v. GATEWAY BAKING CO.

### Civil Action No. 673.

District Court, W. D. Arkansas,
Fort Smith Division.

Sept. 14, 1946.

R. S. Wilson, U. S. Atty., of Van Buren, Ark., and Charles A. Beasley, Asst. U. S. Atty., of Fort Smith, Ark., for plaintiff.

Bruce H. Shaw, of Hardin, Barton, & Shaw, of Fort Smith, Ark., for defendant.

JOHN E. MILLER, District Judge.

### Findings of Fact.

1. Plaintiff is a citizen and resident of Fort Smith, Arkansas. Defendant is a corporation organized in the State of Delaware, authorized to do business in the State of Arkansas, and maintaining an operating unit in Fort Smith, Arkansas where it is engaged in the bakery business.

2. In August of 1930 the plaintiff entered the employ of the defendant, and continued in this relation until his call to duty in the armed forces in June of 1942. During this period plaintiff was periodically promoted, on the basis of his seniority, to jobs of higher classifications and pay, and at the time of his induction was employed as a combination baker.

3. The defendant normally employed two shifts of production employees, each in charge of a foreman, but due to increased business, it inaugurated a third shift in July of 1941 which worked only on Friday nights. Being next in seniority to the second foreman, plaintiff was assigned as foreman over the third shift. However, since less than one-third of his total time for each week was devoted to his duties as foreman, plaintiff retained the classification and pay scale of a combination baker in accordance with the terms of the union contract. Plaintiff continued, at intervals when needed, to perform the duties of third foreman from July of 1941 through February of 1942. His time record does not indicate that he served in this capacity during March and April of 1942, but he resumed his foreman's duties in May, and continued as third foreman until May 29th before his induction on June 3, 1942. In addition to acting as regular third foreman, plaintiff was also the substitute for the regular foremen when they were absent on vacation, and performed such duties for at least two weeks subsequent to July of 1941.

4. No complaint was ever made by the defendant to either the plaintiff or his union regarding the manner in which he performed his duties. A preponderance of the evidence establishes that his work as foreman was satisfactory, or at least was accepted without complaint.

5. Plaintiff received his induction notice on May 29, 1942 and reported for induction into the armed forces on June 3, 1942. He left a position other than temporary in the employ of the defendant for training and service in the armed forces.

On January 29, 1946 plaintiff satisfactorily completed his period of service, and was on that date honorably discharged and received a certificate to that effect. On March 14, 1946 he made application to the defendant for reinstatement.

6. During the period of plaintiff's service, the position of second foreman became vacant, and one Homer Munsey, being next in seniority of the men remaining in the plant, was promoted to full-time foreman, and is now serving as such. Plaintiff has seniority over Munsey. Upon making application for reemployment, he asked to be reinstated as a regular foreman because of his seniority over Munsey. The defendant declined to demote Munsey, but offered to reemploy plaintiff as regular combination baker and third foreman on the one night a week third shift, the identical job he had at the time of his induction. Plaintiff declined the offer, and after exhausting the administrative remedies prescribed by the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq., and regulations thereunder, suit was filed on his behalf by the United States Attorney for the Western District of Arkansas.

7. The physical qualifications of plaintiff to perform the duties of the position of regular foreman is not disputed, and the court finds that except for some possible ineptitude due to long absence, he is as well qualified to perform the duties of regular foreman now as he was at the date of his induction.

8. Plaintiff worked under a contract between his union and the defendant which provides as follows:

"Article 5. The employer and the union agree that seniority shall prevail in the shop. In the event of layoffs from slack seasons, or business reasons, and in rehiring same employees laid off. However, ability shall supercede seniority applying to same or the promotion of employees."

9. While the contract does not indicate how the question of ability is to be determined, or who is to make the final decision, the custom and practice of the parties under the contract was that when a vacancy occurred, the man with the highest seniority was offered the promotion.

If he accepted the promotion, he began performing the duties of the new job, and either the union or the employer might question the employee's ability after performance on the job had demonstrated the lack of the requisite qualifications. Final decision on the matter of demotion or retention was reached by negotiation between the employer and the union. It is not necessary in this decision to say which party had the final word, if either, since plaintiff's case has never reached the stage at which this issue is customarily raised.

10. There is a very high probability that had plaintiff remained on duty with the defendant instead of being inducted into the armed forces, he would have been promoted to the position of regular foreman.

11. The defendant's circumstances have undergone no change which makes it either impossible or unreasonable to employ the plaintiff as foreman.

Conclusions of Law.

1. The court has jurisdiction of the parties and the subject matter under the provisions of the Selective Service and Training Act appearing in Title 50 U.S.C.A.Appendix, § 308 (e).

2. The provisions of the Act must be liberally construed to effect its purpose which was stated by the United States Supreme Court to be protection of the veteran so that he would not be penalized on his return by reason of his absence from his civilian job, and so that he might gain by his service for his country an advantage which the law withheld from those who stayed behind. Fishgold v. Sullivan Drydock & Repair Corporation, 66 S.Ct. 1105, 1111.

3. "Position," as used in the statute creating plaintiff's rights, means the employee's relative standing in the employment framework of the business, based on seniority with respect to the other personnel of the firm by which he is employed. The term does not refer to a particular job. It contemplates that the veteran shall enjoy the fruits of seniority which ripen in his absence. In the words of the Supreme Court in the Fishgold Case, supra, "he does

not step back on the seniority escalator at the point he stepped off. He steps back on at the precise point he would have occupied had he kept his position continuously during the war." "If the seniority accumulated during the time he was in the service entitled him to a better job classification than he had at the time he entered the service, it is the duty of the employer to give him this better classification." Droste v. Nash-Kelvinator Corporation, D. C.Mich., 64 F.Supp. 716, 720. See also Olin Industries v. Barnett, D.C.Ill., 64 F. Supp. 722, and Hewitt v. Chicago, South Shore & South Bend Railroad Company, D.C.Ind., decided July 23, 1946.[1] It follows that plaintiff should be restored to the relative position which he had with the defendant at the time he was inducted into the armed forces, and that position now entitles him to the job of regular, or full-time, foreman.

4. That the incumbent foreman who will be displaced by plaintiff is more personally acceptable to the defendant, or even more efficient or able in the performance of his duties, is not legal cause for denying the plaintiff his rights under the law. Kay v. General Cable Corporation, 3 Cir., 144 F.2d 653. The issue of the capabilities of the plaintiff must be determined by his performance on the job, not by the defendant's preconceived notion of his ability. To hold otherwise would place employers in a position to defeat the legal rights of any returning veteran-employee who was for any reason persona non grata. Anderson v. Schouweiler, D.C. Idaho, 63 F.Supp. 802. The prerogatives of management are preserved in the Act which provides for dismissal or demotion for cause even within the protected period of one year from the date of reinstatement.

5. The defendant's refusal to reinstate plaintiff is a denial of the rights conferred on him by the Selective Training and Service Act. Therefore plaintiff is entitled to be compensated for the loss of wages which he has suffered by reason of the defendant's unlawful action.

6. Upon presentation of præcipe, judgment will be entered directing the defendant to reinstate plaintiff as second regular foreman in accordance with his seniority, and for the recovery by the plaintiff of an amount equal to the wages which he would have earned had he been reinstated in the position of second regular foreman on March 14, 1946 and worked as such until the present date, less whatever amounts he has received as wages from incidental employment during this period, and for the costs of this action. For the purpose of determining such amount, the parties will file immediately a stipulation as agreed upon in open court during the trial.