16036

NEWMAN v. McCULLOUGH, MAYOR, *ET AL.*
(46 S. E. (2d) 252)

18

*Mr. A. C. Mann,* of Greenville, for Appellants,

*Messrs. John W. Norwood, Jr.,* and *Leatherwood & Walker,* of Greenville, for Respondent,

January 31, 1948.

TAYLOR, Justice: The respondent herein, Carter Newman, Jr., prior to February 18, 1942, was employed by the City of Greenville in the capacity of Director of Parks, which at that time was a part-time position. On the above date he was granted a leave of absence to enter the military service where he was finally discharged June 9, 1946. On July 9, following, he made written application to the City of Greenville to be permitted to return to his former position. The City officials did not act favorably upon said petition, and this action was brought in the form of a mandamus to compel his re-employment.

At the conclusion of the first hearing, the Honorable W. B. McGowan, Judge of the County Court of Greenville, in his Order denying the relief sought by respondent, granted him ten days from the filing of his Order within which to re-apply; and should the City council fail to act favorably upon this application within twenty days, respondent had the right to apply again to the County Court of Greenville for an adjudication of his claimed right of restoration to the position as Director of Parks which had been changed during his absence from a part-time position to a full-time position with an increase in salary; and held the proceedings open for the purpose of finally determining the matter before the Court.

The second Order of Judge McGowan ordered that the appellants herein reinstate Mr. Newman to the position as Director of Parks as it now exists; and the City of Greenville now appeals to this Court upon exceptions which raise primarily the question of whether or not one City council can enter into an arrangement with a city official employed by council which will compel a future council to employ or accept the services of such official.

The National Selective Training and Service Act, 50 U. S. C. A. Appendix, § 301 et seq., does not apply to employees of states and municipal corporations, and Section 3075-1 of the 1942 South Carolina Code of

Laws is not controlling in that it relates to officers having definite terms of office fixed by law; and Section 106 of the 1943 State Appropriation Bill, Act April 16, 1943, 43 Stat. at Large, p. 327, does not apply to city employees. The council, against which this proceeding was brought, had passed no ordinance or resolution relating thereto. All such resolutions had been passed by the council in office when applicant was granted his leave of absence, and prior councils. Therefore, respondent's case must stand or fall on the acts of such councils.

Section 718 of the Greenville City Code provides as follows:

"Director of Parks—There shall be an official, or employee, known as Director of Parks whose duty it shall be to aid and assist the Park and Tree Commission in carrying out its duties as given it by the various sections of this article. *He shall be elected by City Council on recommendation of the Commission to serve at the will of Council at such salary as may be fixed by the City Council.* He shall also be directive head of the Municipal Swimming Pool and the Municipal Skating Rink in Cleveland Park. For the purpose of carrying out his duties he may be given police powers upon his subscribing to the proper oath." (Emphasis added.)

Section 70 of the Greenville City Code reads as follows:

"Officers, How Elected and Term of Office—All offices named in the foregoing section except those of Mayor, Aldermen and Recorder, together with all other offices now existing or hereafter created by City Council, *shall be filled by each Council at the first meeting after its election, or as soon thereafter as may be practicable. All of said designated officials shall be elected to hold office at the pleasure of City Council, and until their successors are elected and qualified, but in no event beyond the life of the Council so electing,* and any such officer may be removed from office by City Council at its pleasure; provided, that nothing in this section contained shall prevent City Council from abolishing any office

by it created; and provided further, that the Mayor may suspend any official until a hearing may be had if charges are brought against him for drunkenness, serious neglect of duty, or malpractice in office; and provided still further, that when a new office shall be created, or an office shall become vacant' from any cause, the person elected to fill such new or vacant office shall be chosen only until the next regular biennial election of officers. The Mayor and Aldermen shall be elected by the duly qualified electors of the City of Greenville in the manner and for the time provided elsewhere in this Code; the Recorder shall be elected by City Council for a term of four years as provided by the laws of the State of South Carolina." (Emphasis added.)

On August 6, 1940, the then duly constituted council for the City of Greenville adopted the following resolution:

"Now, therefore, be it resolved by the Greenville City Council, that any employee of the City of Greenville who may volunteer, be called or drafted into any branch of the military service of the United States of America or any other branch of the National Defense, shall, on his release, have the right, if he so desires, to resume work in the position vacated by him on entering service, provided, he shall then be fully capable of discharging the duties required in said position.

"Be it further resolved, that any person or persons placed in positions made vacant by such employee shall be accepted and employed with the express understanding of the above right of the former employee to resume such position on his return."

It is not contended that council passed the above resolution and entered into the resulting agreement with the respondent by reason of some special authority conferred upon it by statute, but under the authority vested in such bodies generally.

"Proper municipal officers may contract debts for services actually rendered and for money or goods had and received to the actual benefit of the town in

the prosecution of authorized municipal work and in anticipation of the taxes or other revenue, and with a reasonable expectation at time work was commenced and expense incurred, that payment could and would be made from such expected revenue of the current year." *U. S. Rubber Products, Inc., v. Town of Batesburg,* 183 S. C. 49, 190 S. E. 120, 124, 110 A. L. R. 144.

In Section 66, 37 Am. Jur., page 679, we find the following:

"With respect to the power of a municipal council to enter, in behalf of the municipality, into a contract which will extend beyond the term for which the members of the council were elected, a distinction is drawn based upon the subject matter of the contract—whether legislative or governmental, or whether business or proprietary. Thus, where the contract involved relates to governmental or legislative functions of the council, or involves a matter of discretion to be exercised by the council unless the statute conferring power to contract clearly authorizes the council to make a contract extending beyond its own term, no power of the council so to do exists, since the power conferred upon municipal councils to exercise legislative or governmental functions is conferred to be exercised as often as may be found needful or politic, and the council presently holding such powers is vested with no discretion to circumscribe or limit or diminish their efficiency, but must transmit them unimpaired to their successors. * * * As a general rule, the appointment and removal of public officers is a governmental function, and a municipal council cannot engage a public officer by contract for a term extending beyond that of its own members, so as to impair the right of their successors to remove such officer and to appoint another in his place."

In *Sanders v. Belue,* 78 S. C. 171, 58 S. E. 762, it was held that where the county board of commissioners were by law made responsible for the general supervision of the poorhouse and poor farm of the county, it was never intended

that the subordinate officer appointed by them as the superintendent of the institution should have a longer term than those by whom he was appointed, so that an appointment of a superintendent by a board of commissioners for a term extending beyond their own terms was invalid, and the fact that for some years the retiring board had been accustomed to elect a superintendent of the poorhouse and farm for terms extending beyond their own terms could not have the effect of changing the law, nor could the court take account of the charge that the appointee, though recognized as an excellent officer, was turned out of office in fulfilment of campaign promises.

And the preceding case was followed in *State ex rel. Acker v. Major,* 94 S. C. 472, 78 S. E. 896, where the outgoing commissioners undertook, a short time before the expiration of their term, to appoint a clerk of the board for two years from that date. See also the full annotation on this subject at 17 Ariz. 1, 147 P. 745, L. R. A. 1915-E, 581.

In *Douglas v. City Council,* 92 S. C. 374, 75 S. E. 687, 49 L. R. A. (N. S.), 958, this Court held the State may not, by any law or contract, surrender or restrict any portion of the sovereignty which it holds in sacred trust for the public weal, so a municipality, as a governmental agency, acting and bound always to act as trustee of the power delegated to it, may not, by contract, license or by-law, surrender or restrict any portion of the police power conferred upon it. (Although this case relates to police powers, the language referred to therein is quite timely.)

Section 239 of 37 Am. Jur., page 868, contains the following statement:

"It is not within the power of a municipal corporation, by ordinance or by law, either to extend or restrict a discretionary authority conferred on the city council by charter or statute in the matter of the removal of municipal officers."

Section 237 of 37 Am. Jur., page 865, states:

"When no time is fixed by law for the commencement of the term of a municipal officer, it begins to run from the

date of the appointment. The term of a municipal office, as **distinguished from a** mere employment, cannot be established by contract, and if it is not established by statute or ordinance the board of municipal officers having the power of appointment cannot make a binding contract engaging a person for a public office for a term extending beyond their own." See also 43 C. J., Sec. 1646.

In 44 C. J., Sec. 2168, page 88, we find the following:

"Under the general rule a council may not by contract bind its successors to forego or to exercise their legislative functions. And the same is true of any city board having legislative authority. Nor has a city officer with discretionary power in the transaction of business in his department and the requisite authority to make contracts with reference thereto a power to bind his successor in matters properly within the discretion of the person holding the office. This rule has been applied to contracts for personal or professional services to the city, and to the grant of exclusive franchises or privileges by the city."

As to the discretionary powers of city councils, see also *Plant Food Co. v. City of Charlotte,* 214 N. C. 518, 199 S. E. 712; 43 C. J. 600, and cited cases; *Featherston v. Jersey Central Power & Light Co.,* D. C., 66 F. Supp. 882; *Droste v. Nash Kelvinator Corp.,* D. C., 64 F. Supp. 716; *Lord Mfg. Co. v. Nemenz,* D. C., 65 F. Supp. 711; *Freeman v. Gateway,* D. C., 68 F. Supp. 383.

It is therefore clear that council has no authority to make such contract extending beyond its term of office; that the acts of former councils relating to the governmental functions of said councils which involve a matter of discretion to be exercised by such councils are without force and effect upon succeeding councils. The power conferred upon municipal councils to exercise legislative or governmental functions is done so to be exercised as often as may be found needful or politic; and the council holding such powers is vested with no authority to circum-

scribe, limit or diminish their efficiency, but must transmit them unimpaired to their successors. That acting as a governmental agency, it is bound always to act as trustee of the power delegated to it and may not surrender or restrict any portion of such power conferred upon it.

While the courts have gone far, and rightly so, in protecting the interests of veterans, none have gone so far as contended for here. However, in justice to the City Council of Greenville, it might not be amiss to say that out of approximately seventy-five (75) former City employees returned from the armed services, all were restored to their former positions except this one.

For the above stated reasons, this Court is of the opinion that the Order of the County Court of Greenville, which orders the Mayor and City Council of that City to reinstate the applicant to the position of Director of Parks, should be reversed; and it is so ordered.

Judgment reversed.

BAKER, C. J., and FISHBURNE, STUKES, and OXNER, JJ., concur.