## DELANEY v. SPECIAL SERVICE CO., Inc.
### Civil Action No. 1925.

District Court, E. D. Louisiana,
New Orleans Division.
March 16, 1948.

N. E. Simoneaux, Asst. U. S. Atty., of New Orleans, La., for plaintiff.

Frank Wm. Hart, of New Orleans, La., for defendant.

WATSON, District Judge.

This is a petition of a veteran praying for reinstatement to his position, held prior to his entry into the armed service of the United States, and also for a judgment for monetary damages suffered by reason of the Respondent's refusal to reinstate the Petitioner in his former position under the Act of September 16, 1940, as amended, 50 U.S.C.A.Appendix, § 308.

The case was tried before the Court sitting without a jury.

Rosario H. Delaney, hereafter referred to as the Petitioner, was employed by the Special Service Co., Inc., hereafter referred to as the Respondent, for about six months prior to February 11, 1943, at which time he was inducted into the military service of the United States. The business of the Respondent Company, in so far as is relevant here, was the upkeep and maintenance and proper repair of air conditioning and electrical equipment of railroad passenger coaches. Petitioner's capacity of employment was that of "laborer". It was testified to by the Petitioner that his duties were changing bulbs, cleaning condensers and filters, flushing batteries and repairing belts on generators, which duties required the use of tools.

Petitioner was honorably discharged on February 19, 1946, and on or about March 5, 1946, applied for reinstatement to his former position with the Respondent. Resondent refused to reinstate the Petitioner, alleging that his former position had been abolished. Over a year later, in March, 1947, the Respondent offered to reinstate the Petitioner as a "laborer," with no provision for any wages between the date Petitioner tendered himself for reemployment and the date of the offer. This offer Petitioner refused.

On April 3, 1947, this action was instituted.

Section 8 of the Selective Service Act, 50 U.S.C.A.Appendix, § 308, provides, inter alia, as follows: "If such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so."

It was the contention of the Respondent that it had complied with the law inasmuch as the Petitioner, prior to his induction, had been employed as a "laborer," and that subsequent to his discharge, there being no position of that title open, it was not obligated to reemploy the Petitioner. Furthermore, it was shown that when the position of "laborer" was open, it was offered to the Petitioner. On the face of the matter that contention would appear to have great weight. Testimony in the case, however, brought out many additional facts.

As already pointed out, Petitioner's duties to some extent involved the use of tools. There was testimony by a witness for the Respondent that, after Petitioner's induction into the armed service, there were complaints by some Union because "laborers" were handling tools; whereas, an employee was required to be an "apprentice mechanic" to do even so simple a job as remove two nuts in order to obtain access to a "strainer" under the car which "laborers" then flushed or cleaned.

In order to avoid difficulties with the Union, the Respondent abolished the title "laborer" and one Perniciaro, who succeeded the Petitioner in his position, was "promoted" from "laborer" to "apprentice" some twenty odd days before he, Perniciaro, was inducted into the armed service. This "promotion" took place in August, 1943, which happens to coincide with the fact that the Respondent did not have a "laborer" at New Orleans after August, 1943.

John Delaney, Sr., testified that, in his daily course of duties as coach-carpenter, he was in contact with and was able to observe Perniciaro, Petitioner's successor, and that he observed that Perniciaro, in his capacity of "apprentice," performed the identical services for the Respondent on his return from the armed service as the Petitioner had performed as a "laborer" prior to his induction into the armed service.

Mr. Calhoun, one of Respondent's witnesses, went into great length to show the

theoretical and technical difference between the "apprentice" job held by Perniciaro and the "laborer" job held by the Petitioner, but named no duty now allegedly that of an "apprentice" which was not testified to as having been done by the Petitioner as a "laborer." The Court has given due consideration to the weight of the testimony of both of the above witnesses. The former held a position as coach-carpenter and did not work with Perniciaro; the latter was employed on a different shift from that which Perniciaro worked and was limited in that respect.

This Court finds it apparent that though Petitioner was denied a position on his return, and subsequently offered the position of "laborer", the position was not of the same status as that of "laborer" when he left it. "Laborer" is simply a label. Petitioner is not seeking reinstatement of his title but reinstatement of the job he was doing at the time he left it to enter the armed service of the United States.

Respondent has contended that the classification of "laborer" which Delaney held prior to induction carried with it no incident of seniority, and that the Respondent would not have been required to "promote" Delaney to the "apprentice" position as his successor was. Theoretically this is correct, but, as explained above, this Court finds that the abolition of the "laborer" position coincident with the promotion of Petitioner's successor involved simply a change of label without attendant changes in or additions to duties. The fact that the position of "apprentice" carried with it other incidents such as seniority is not material here, since the returning veteran is entitled to benefits of applicable contracts that were made in his absence. Armstrong v. Tennessee Coal, Iron & R. Co., D.C., 73 F.Supp. 329.

There is a very high probability that, had Petitioner remained on duty with the Respondent instead of being inducted into the armed forces, he would have been "promoted" to the position of "apprentice". Freeman v. Gateway Baking Co., D.C., 68 F.Supp. 383, 385.

In the case of Freeman v. Gateway Baking Co., supra, the Court held that " 'Position,' as used in the statute creating plaintiff's rights, means the employee's relative standing in the employment framework of the business, based on seniority with respect to the other personnel of the firm by which he is employed. The term does not refer to a particular job. It contemplates that the veteran shall enjoy the fruits of seniority which ripen in his absence."

To hold that Petitioner is required to accept the position of "laborer", as offered to him after his return, would have the effect of demoting the Petitioner to a position of less responsibility and a smaller range of duties than those of the position which he held before his induction, a manifest injustice to the returning veteran which the Statute was designed to prevent.

Respondent will be directed to reinstate the Petitioner in the position of "apprentice", and the Petitioner will be awarded damages in the form of salary from March 5, 1946.

#### Findings of Fact

1. Petitioner, Rosario H. Delaney, was employed as a laborer, which job involved the use of tools, by the Special Service Co., Inc., for six months prior to February 11, 1943, in a permanent capacity and not as a substitute for another employee inducted into the armed service.

2. Petitioner entered the Armed Service of the United States February 11, 1943, and, after three years and eight days, was granted an honorable discharge on February 20, 1946.

3. Petitioner applied in writing for reinstatement with the Respondent as an "apprentice" on March 5, 1946.

4. Respondent informed Petitioner that he was not eligible for the position of "apprentice" and that his position, that of "Laborer" had been abolished, thereby refusing reinstatement in any capacity.

5. The position of laborer held by the Petitioner before his induction and that of apprentice subsequent to his induction entailed the same duties and involved simply a change of name with attendant incidents acquired through a contract between the Respondent and a Labor Union.

6. Petitioner was offered reinstatement as a "laborer," a position in which the use of tools was not permitted, in March, 1947, which offer the Petitioner refused.

7. Rosario H. Delaney was never offered a position of like duties and responsibilities, and was not restored to a position of "like status" to that which he held before entering the service.

8. Respondent's circumstances had not so changed as to make it impossible or unreasonable to rehire Petitioner in such position of "like status" to that held by him prior to his induction.

9. Petitioner is prepared and willing to resume the position of "apprentice."

10. Petitioner obtained in other employment the sum of $618.00 and received the sum of $550 under the Servicemen's Readjustment Act, 38 U.S.C.A. § 693 et seq., and as a student.

## Conclusions of Law

1. This Court has jurisdiction of the parties and the subject matter under the provisions of the Selective Service and Training Act.

2. Rosario H. Delaney is lawfully entitled to be reinstated in the employment of the Special Service Co., Inc., in the capacity of "apprentice" at the prevailing rate of pay which "apprentices" are being paid, for 52 weeks; and may not be discharged from that position without cause within that time.

3. The Respondent's refusal to reinstate Petitioner is a denial of the rights conferred on him by the Selective Service and Training Act. Therefore, Rosario H. Delaney is entitled to be compensated by Special Service Co., Inc., for loss of wages and benefits suffered by reason of its unlawful act, at the rate paid "apprentices" from March 5, 1946, the date on which Plaintiff first made application for reinstatement to his former position, until he shall have been reinstated, or offered reinstatement to the position of "apprentice" by the Special Service Co., Inc.

4. The Special Service Co., Inc., is entitled to deduct the sum of $618, being the sum Plaintiff obtained in other employment during the period from March 5, 1946, to date, from the amount determined to be due under the foregoing paragraph.

The readjustment allowance and educational benefits paid to Rosario H. Delaney by the United States Government do not constitute earnings in other employment, and the Special Service Co., Inc., is not entitled to have the payments made under such allowance credited against loss of wages caused by its unlawful actions.

## Order

It is ordered as follows:

1. That the Respondent, Special Service Co., Inc., its officers, agents, servants and employees be, and are hereby, specifically directed to offer to Rosario H. Delaney employment in the position of "apprentice" at the prevailing rate of pay therefor.

2. That, at the time of the making of such offer, the Special Service Co., Inc., tender and pay to Rosario H. Delaney the amount of money which then equals the prevailing rate of pay for "apprentices" from March 5, 1946, until the Special Service Co., Inc., shall have made to Rosario H. Delaney such offer of restoration, less the sum of $618 obtained by the Petitioner in other employment during the period from March 5, 1946, to date.

3. That the Respondent, its officers, agents, servants, and employees be, and hereby are, directed, upon the acceptance of such offer by Rosario H. Delaney, not to discharge Rosario H. Delaney without legal cause within 52 weeks from the date upon which he shall have been reemployed.

4. That jurisdiction of the case is retained until the Special Service Co., Inc., shall have complied with the requirements of paragraphs 1 and 2 of this judgment.