## TSANG v. KAN.

### No. 11891.

United States Court of Appeals
Ninth Circuit.
Feb. 11, 1949.

As Amended March 25, 1949.

Robert E. Hatch, of San Francisco, Cal. (Lemuel H. Matthews, of San Francisco, Cal., of counsel), for appellant.

Frank J. Hennessy, U.S. Atty., and Rudolph J. Scholz and Joseph Karesh, Asst. U.S. Attys., all of San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, STEPHENS, Circuit Judge, and BOWEN, District Judge.

DENMAN, Chief Judge.

This is an appeal from a judgment for the appellee, a returned veteran, for lost wages due to the failure of appellant to restore him to his employment prior to his war service, he having waived restoration to his former position. The identical issue had been adjudicated against appellee in a suit between the parties in the Superior Court of the State of California in and for the City and County of San Francisco. There the employer, appellant, sought a judgment declaring his obligation to the appellee veteran, and he, instead of seeking a dismissal on the ground that the G. I. Bill of Rights gave him the right to choose his own forum, cross-complained and sought affirmatively from the state tribunal a judgment for his wages.

The district court held that the veterans' bill gives no jurisdiction to the state courts to adjudicate any of the rights conferred on the veteran. The appellant assigns as error this holding.

Congress in the G. I. Bill of Rights, Sec. 308(b) (B), gives the returned veteran the right of restoration to a position he had occupied and to wages as follows:

"If such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so".

It also gives him a second right, in Sec. 308(e). That is the right to sue in the United States district court for an amount less than $3,000, free of costs and with the United States Attorney as his counsel. The question is, Does this second right so to sue in the United States district court deprive him of the right to sue in the state courts?

■ The mere giving of such jurisdiction to the federal courts does not thereby exclude that of the state courts. This was clearly established in Claflin v. Housman, 93 U.S. 130, 23 L.Ed. 833, where the bankruptcy act, Rev.Stats. 5047, gave the assignee, in his own name, the power to recover all the debts due the bankrupt, and under Sec. 4972 the United States district court was given jurisdiction:

"First. To all cases and controversies arising between the bankrupt and any creditor or creditors who shall claim any debt or demand under the bankruptcy.

"Second. To the collection of all the assets of the bankrupt."

The question there was whether the conferring of jurisdiction on the federal courts to entertain such suits by the assignee confined him to that jurisdiction. The Supreme Court held that, although an act of Congress conferred jurisdiction in such suits on the federal courts, the state courts had jurisdiction to entertain them unless, in addition to conferring jurisdiction on the federal courts, the act also excluded that of the state courts. The principle is stated 93 U.S. at page 135, 23 L.Ed. 833:

"* * * where jurisdiction may be conferred on the United States courts, it may be made exclusive where not so by the Constitution itself; but, if exclusive jurisdiction be neither *express nor implied,* the State courts have concurrent jurisdiction whenever, by their own constitution, they are competent to take it." (Emphasis supplied.) Cf. Galveston, etc., Ry. v. Wallace, 223 U.S. 481, 490, 32 S.Ct. 205, 56 L.Ed. 516; Healy v. Ratta, 292 U.S. 263, 271, 54 S.Ct. 700, 78 L.Ed. 1248; Western Fruit Growers v. United States, 9 Cir., 124 F.2d 381, 387.

Since the G.I. bill does not expressly deprive the veteran of suing in the state courts to recover under the rights conferred by 308(b) (B), the question becomes, Does the act deprive him of that right by implication?

■ The Supreme Court has held that the rights created by this act shall be liberally construed in favor of the veteran, Fishgold v. Sullivan Drydock Co., 328 U.S. 275, stating at page 285, 66 S.Ct. 1105, at page 1111, 90 L.Ed. 1230, 167 A.L.R. 110:

"This legislation is to be liberally construed for the benefit of those who left private life to serve their country in its hour of great need. * * * Our problem is to construe the *separate provisions* of the Act as parts of an organic whole and *give each as liberal a construction for the benefit of the veteran* as a harmonious interplay of the separate provisions permits." (Emphasis supplied.)

■ Though generally the jurisdiction of the federal courts is to be strictly construed, Healy v. Ratta, 292 U.S. 263, 273, 54 S.Ct. 700, 78 L.Ed. 1248, the second circuit, in determining the extent of its jurisdiction under the G.I. Bill of Rights, applies the liberal construction of the Fishgold case. Feore v. North Shore Bus Co., 2 Cir., 161 F.2d 552, 553.

It is apparent that a liberal construction permitting suits by the veteran in the state courts to recover under the right created in him would strongly favor him in many cases. For instance, a logger in Del Norte County, on the northern border of California, refused restoration by a lumber company there, well could be in a better posi-

tion to sue in the Del Norte County court. He would be saved the costly trip of nearly four hundred miles to San Francisco, first, to consult with the United States Attorney under Sec. 308(e) regarding a suit in the United States district court there, and if the United States Attorney so advises, then, second, all the costs of travel and hotel bills and loss of time of himself and witnesses to be brought to San Francisco for the trial. Similarly of a veteran miner refused restoration by a mining company in Inyo County, on California's eastern border, or a ditchtender in the Imperial Valley on the state's southern border. Such expense to present the veteran's case in a district court well may deprive him of any relief.

Here is as liberal a construction for the benefit of the veteran as the "harmonious interplay of the separate provisions permits," Fishgold case, supra. He may sue in the nearby state court for the right created in him if it be the more advantageous method, or he may seek the distant federal court with its benefits if, in the balancing of expenditures, the latter costs the veteran less. As the Supreme Court states concerning the contention that a foreign diplomat may sue only in the Supreme Court because the Constitution gives him that jurisdiction, "to deprive an ambassador, public minister, or consul of the privilege of suing in any court he chose having jurisdiction of the parties and the subject matter of his action, *would be, in many cases, to convert what was intended as a favor into a burden.*" (Emphasis supplied.) Ames v. State of Kansas, 111 U.S. 449, 464, 4 S.Ct. 437, 444, 28 L.Ed. 482. See also Id. 311 U.S. page 468, 4 S.Ct. page 446.

In addition to California, the following state courts have exercised jurisdiction in cases brought by the veteran. Newman v. McCullough, 212 S.C. 17, 46 S.E.2d 252; Murphy v. Chrysler Corporation, 306 Mich. 610, 11 N.W.2d 261; Hanebuth v. Patton, 115 Colo. 166, 170 P.2d 526; In re Walker's Estate, 185 Misc. 1046, 53 N.Y.S.2d 106. There probably are many more such state court cases terminating in the trial courts and unreported.

It is not without significance that 28 U.S.C., as amended, 28 U.S.C.A., classified the jurisdiction for the litigation of certain federal legislation as exclusive, § 1333, Admiralty, maritime and prize cases; § 1334, Bankruptcy matters and proceedings; § 1338, Patents, copyrights, trade marks; § 1346, United States as defendant in suits arising under the Federal Tort Claims Act; § 1355, Fine, penalty or forfeiture; § 1356, Seizures not within admiralty and maritime jurisdiction. The G.I. Bill of Rights is not so classified.

The case is clearly distinguishable from the decisions on the Sherman Anti-Trust and Clayton Acts, 15 U.S.C.A. § 1 et seq. These acts make punishable as misdemeanors certain acts in restraint of interstate trade. No provision creates any general right in any private person, as Sec. 308(b) (B) of the Bill of Rights creates in a separate section the right of restoration to employment and for wages. These anti-trust acts certainly have not been held construable liberally in favor of the private litigant. The sole right they create in any person other than the government is the right to sue in the United States district courts. See General Inv. Co. v. Lake Shore & M. S. Ry. Co., 260 U.S. 261, at page 287, 43 S.Ct. 106, at page 117, 67 L. Ed. 244, where the opinion states, of the sole right in a private litigant: "This right to sue, however, is granted in terms which show that it is to be exercised only in a 'court of the United States.'"

Knox National Farm Loan Ass'n v. Phillips, 300 U.S. 194, 57 S.Ct. 418, 422, 81 L.Ed. 599, 108 A.L.R. 738, clearly shows another type of statute which necessarily by implication excludes the state jurisdiction. The question was whether the state court could wind up the business of the federally created National Farm Association. Of this, the Supreme Court stated "that a national farm loan association is an instrumentality of the federal government; that the time and manner of liquidation are governed by the federal statute; and that jurisdiction does not reside in the tribunals of a state to wind up the business of this governmental agency either by receivership or otherwise." This legislation is entirely different from the instant statute conferring rights on a private person and

 

which is to be liberally construed in his favor.

The judgment is reversed and the district court ordered to dismiss appellee's complaint.

STEPHENS, Circuit Judge (concurring in the result).

I concur in the result only, and in doing so I wish to note that I am not at all certain but that Congress intended to confine jurisdiction of litigation under the Act commonly called the "G.I. Bill of Rights" to the federal courts. It provided that the United States District Attorney should serve the "G.I." without cost and in this it seems quite improbable to me that Congress had in mind directing United States Attorneys to act in state court actions, bound to be extensive in numbers. The Act provides that the courts' services shall be free of costs to the returning service man and that actions under it shall be given a speedy hearing and shall receive preference on the court's calendar. Here, surely the Congress was thinking of federal courts for it could hardly assume to command the states in the matters of costs and in the handling of calendars in their courts. It may be argued that the "G.I." can select his forum and if he selects the state over the federal forum he knowingly waives the privileges granted him in the Act. Even if this be granted, it does not conclusively destroy the seeming intent of Congress that it was legislating with the view that litigation under its legislation would be in federal courts.

It is not clear to me, however, that the way is always open to the service man to select his forum if both state and federal courts have jurisdiction of his case. May the employer not do as he did in the instant case and draw the returning employee into the state court, "willy-nilly", by fast action in filing a declaratory judgment action? If so, the congressional intent to grant special advantages to those who fought for the government may be defeated.

As against these doubts I am aware of the broad general principle that state courts have concurrent or coordinate jurisdiction in federal matters unless Congress indicates otherwise in its legislation, either by direct provision or in a manner clearly inconsistent with it. I also take note of the fact that state courts have taken jurisdiction of these matters in numerous instances.

By so narrow a margin that abiding doubt remains, my decision falls in agreement with that reached by my associates.