478 S.E.2d 836

**PIEDMONT PUBLIC SERVICE DISTRICT, Respondent,**

v.

**Douglas W. COWART, Petitioner.**

No. 24521.

Supreme Court of South Carolina.

Heard Oct. 17, 1996.
Decided Nov. 12, 1996.

Deborah R.J. Shupe, of Berry, Adams, Quackenbush & Dunbar, P.A., and Herbert W. Louthian, Jr., of Louthian & Louthian, Columbia, for petitioner.

Michael A. Farry and Vance B. Drawdy, both of Horton, Drawdy, Ward & Johnson, P.A., Greenville, for respondent.

MOORE, Justice.

This case is before us on a writ of certiorari to review the Court of Appeals' decision [1] affirming the circuit court's ruling that petitioner Cowart's employment contract with respondent (District) was not binding on District's successor commissioners. We affirm.

## FACTS

On November 1, 1984, District's four commissioners signed a contract with Cowart for him to serve as administrator for a twenty-year period. This employment contract was subsequently modified [2] to add a severance clause allowing District to fire Cowart with or without cause only upon five years' notice or the payment of five years' severance pay.

By November 12, 1992, District's entire board of commissioners had changed. The new commissioners voted to terminate Cowart without cause and pay him his annual salary of $37,781.40 for the next five years as required under the severance clause of the employment contract. They made an immediate payment of $30,000. Several weeks later,[3] District informed Cowart that the vote to terminate him had been taken in violation of the Freedom of Information Act and was therefore rescinded. It directed Cowart to return the $30,000

---

1. 319 S.C. 124, 459 S.E.2d 876 (Ct.App.1995).

2. The modification agreement was signed by three of the original commissioners to the contract and one new commissioner.

3. Two commissioners who voted on November 12 were apparently replaced by this time.

payment which he refused to do. District then terminated Cowart for insubordination.

District subsequently commenced this action seeking a declaration the employment contract with Cowart was void and demanding a return of the $30,000 payment. The trial judge granted District's motion for summary judgment. He found District properly rescinded Cowart's termination because of the Freedom of Information Act violation.[4] Further, he found Cowart's insubordination was just cause for termination and the employment contract, including the five-year severance clause, was void. Accordingly, he ordered Cowart to pay District $30,000 with pre-judgment interest.

## DISCUSSION

Both the trial judge and the Court of Appeals relied on *Newman v. McCullough*, 212 S.C. 17, 46 S.E.2d 252 (1948), and found the employment contract was not binding on the commissioners who terminated Cowart because the contract extended beyond the terms of the commissioners who signed it. In *Newman*, we held the appointment or removal of a public officer is a governmental function that cannot be impaired by an employment contract extending beyond the terms of the members of the local governing body. *Id.* at 23, 46 S.E.2d at 255. Such a contract is not binding on the successors to the local governing body.

*Newman* allows an exception, however, where the enabling legislation clearly authorizes the local governing body to make a contract extending beyond its members' own terms. *Id.* at 23, 46 S.E.2d at 255. Cowart argues the exception applies in this case because District's enabling legislation gives it the power of "perpetual succession."[5] The Court of Ap-

---

4. The Court of Appeals affirmed this ruling and Cowart does not challenge it here.

5. "Perpetual succession" is defined in Black's Law Dictionary as:

That continuous existence which enables a corporation to manage its affairs, and hold property without the necessity of perpetual conveyances, for the purpose of transmitting it. By reason of this quality, this ideal and artificial person remains, in its legal entity and personality, the same, though frequent changes may be made of its members.

peals rejected Cowart's proposed exception finding the policy considerations to be the same even if the governing body has perpetual succession by its enabling legislation.

We agree with the Court of Appeals that the policy considerations are not changed by the bestowal of perpetual succession. The purpose of the rule in *Newman* is to prevent impairment of the successor commissioners' right to exercise discretion regarding governmental functions. Perpetual succession relates only to corporate business and proprietary functions,[6] functions distinguished in *Newman* from governmental functions.[7] To qualify for the exception under *Newman*, the enabling legislation must clearly authorize a contract *regarding a governmental function* for a term beyond the terms of the members of the local governing body. The general reference to perpetual succession does not rise to this level.

We conclude the Court of Appeals correctly applied *Newman* and hold the contract signed in 1984 and modified in 1985 was not binding on District's successor commissioners in 1992. Accordingly, Cowart was not entitled to five years' severance pay and he was properly ordered to repay the $30,000. In light of this conclusion, we decline to address the Court of Appeals' alternative ground for affirmance that the contract was unreasonable as a matter of law and therefore void as against public policy. Cowart's remaining argument is without merit and is affirmed under Rule 220(b), SCACR.

**AFFIRMED.**

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.

---

**6.** *See* fn. 5, *supra*.

**7.** "With respect to the power of a [local governing body] to enter ... into a contract which will extend beyond the term for which the members of the council were elected, a distinction is drawn based upon the subject matter of the contract—whether legislative or governmental, or whether business or proprietary." 212 S.C. at 23, 46 S.E.2d at 255.