Daniel E. Fitzpatrick, J.
This is a special proceeding pursuant to article 78 of the CPLR to set aside the determination of the State Liquor Authority canceling the petitioner’s wholesale wine license.
The issues of fact presented herein are not in dispute. On May 27,1969, the petitioner corporation was issued a license to conduct a wholesale wine business by the respondent, State Liquor Authority, pursuant to the Alcoholic Beverage Control Law. Subdivision 9 of section 104 of that law provides that, within 30 days after the granting of a license, an employee questionnaire for each male person employed by the wholesaler shall be filed with the Authority. Also, fingerprints and photograph of the male employee must accompany the questionnaire to be filed. The petitioner corporation at that time had only one employee, its sole principal and president, S. Robert Lee. Petitioner refused to submit the fingerprints of Mr. Lee and, for this violation of subdivision 9 of section 104 of the Alcoholic *288 Beverage Control Law, its wholesaler license was canceled on February 28,1970.
The petitioner’s contention is that the statute (Alcoholic Beverage Control Law, § 104, subd. 9) which it violated is an invalid infringement on the constitutional right to equal protection of the law. (U. S. Const., 14th Arndt.; N. Y. Const., art. I, § 11.) The petitioner concedes that it is within the police power of the State to regulate the liquor industry (Matter of Yates v. Mulrooney, 245 App. Div. 146) and that as a legitimate exercise of police power the State may require that all employees in a regulated industry be fingerprinted. (Thom v. New York Stock Exch., 306 F. Supp. 1002, affd. sub nom. Miller v. New York Stock Exch., 425 F. 2d 1074 [2d Cir., 1970], cert. den. 398 TI. S. 905.) The allegation of unconstitutionality is that this statute arbitrarily and unreasonably discriminates against one class of individuals, the members of the male sex, by imposing its fingerprint requirement only on men and not women. The petitioner concludes that, since the Authority canceled its license because of a violation of a statute which is invalid and unconstitutional, the Authority’s determination is a nullity and should now be set aside.
Initially, the respondent opposes this petition on the ground that it is improper to utilize a proceeding pursuant to article 78 of the CPLB to challenge the validity of a legislative enactment. (Matter of Belclaire Holding Corp. v. Klingher, 28 A D 2d 689.) Generally speaking, this is a correct statement of the law, but, when an aggrieved party seeks to set aside administrative action done pursuant to an invalid or unconstitutional law, article 78 relief is appropriate. (Matter of Policemen’s Benevolent Assn. v. Board of Trustees, 21 A D 2d 693; Matter of Barile v. City Comptroller of City of Utica, 56 Misc 2d 190.) Moreover, even if the petitioner has utilized an incorrect procedural device to obtain the relief requested, the court would not dismiss its petition but instead would deem this proceeding to be one for a declaratory judgment of the petitioner’s rights and liability under the allegedly unconstitutional statute. (CPLR 103, subd. [c]; Matter of Lakeland Water Dist. v. Onondaga County Water Auth., 24 N Y 2d 400.) In either case, irrespective of the procedural label placed upon this proceeding, the court must initially decide whether the statute in question is constitutional.
It is settled that a legislative enactment is entitled to a presumption of constitutionality (Wasmuth v. Allen, 14 N Y 2d 391) and that such presumption is rebutted only by evidence proving beyond a reasonable doubt that it is unconstitutional. *289 (Wiggins v. Town of Somers, 4 N Y 2d 215.) Furthermore, a statute is not violative of the equal protection provision of the Constitution where the classification by the Legislature rests upon a reasonable basis — " where it is not so void of rationality as to be an expression of whim rather than an exercise of judgment ”, (Sweeney v. Cannon, 23 A D 2d 1, 6.) In other words, in order to constitute denial of equal protection, there must be a purposeful and systematic discrimination designed to favor one individual or class with no rational basis, for a differentiation between them. (Matter of Posner v. Rockefeller, 31 A D 2d 352.) Lastly, under the equal protection clause, a discriminatory rule of State law will not be set aside if any state of facts reasonably may be conceived to justify it. (McGowan v. Maryland, 366 U. S. 420.)
The statute in question (Alcoholic Beverage Control Law, § 104, subd. 9) is part of a legislative enactment (L. 1934, ch. 478) concerned with preventing the recurrence of those evils which existed in the liquor industry prior to the adoption of the Eighteenth Amendment to the United States Constitution. (See Alcoholic Beverage Control Law, § 2.) Subdivision 9 of section 104 is no idle gesture on the part of the Legislature, but a genuine attempt by that body to prevent the notorious individuals of the prohibition era from engaging in the " strong arm ” solicitation of business in the liquor industry after passage of the Eighteenth Amendment. (Cf. Handler v. Doelger Brewing Co., 173 Misc. 172.) Whereas it is conceivable that women as well as men might utilize physical force in attempting to solicit business, it is highly improbable. Apparently it was the Legislature’s judgment that, in order to eliminate this evil practice, only male employees need be subject to the identification requirements of the statute. While such reasoning may be slightly tenuous, it is not the function of this court to substitute its judgment for that of the Legislature and, in effect, act as a “ superlegislature to weigh the wisdom of legislation.” (Day-Brite Light, v. Missouri, 342 U. S. 421, 423.) Suffice it to say that although this legislation is discriminatory in that it applies only to members of the male sex, it is not arbitrary. There was and there is a reasonable basis for the Legislature’s distinction between male and female sex in order to attain the intended purpose of the statute.
It is the court’s finding that the subject statute is constitutional. Therefore the determination of the State Liquor Authority canceling the petitioner’s license was not arbitrary, capricious, or contrary to law and, accordingly, the petition is dismissed.