Richard D. Simons, J.
These proceedings place in issue the validity of Local Law No. 8 of 1967 of the City of Utica, adopted over the veto of the Mayor by vote of the Common Council at a special meeting on December 30, 1967. The terms of that legislation increased the salary of certain elected officials.
The facts are not in dispute. On December 16, 1967, the Local Law was adopted by the Common Council by a vote of 8 to 0. It was presented to the then Mayor for his veto or approval. On December 27, 1967, without holding a public hearing, the Mayor vetoed the law and returned it to the City Clerk, objecting to it on the grounds that the salaries were excessive and beyond the city’s financial means. The President of the Common Council called a special meeting for December 30, 1967 and at that meeting the Local Law was presented by the City Clerk and passed by the Common Council 8 votes to 1. The Local Law was mailed to the Secretary of State for filing on January 19, 1968. The City Comptroller has been issuing salary warrants for the increased salary since January 1, 1968.
It will be helpful to point out that new terms of office for *192 elected officials of the City of Utica commenced on January 1, 1968; thus the attempt to pass the law prior to the expiration of the terms of office ending in 1967. A local law may be adopted increasing the salaries of persons not yet in office, but a local law increasing the salary of any elected official during his term of office is subject to permissive referendum under the provisions of section 24 (subd. 2, par. h) of the Municipal Home Rule Law. The incumbents of the office of City Treasurer, President of the Common Council and all the members of the Common Council during the term expiring December 31, 1967 were the same as those elected to take office January 1, 1968. Effective January 1, 1968, a new Mayor and a new City Comptroller took office.
The first proceeding is brought by the City Treasurer as Treasurer, and also as a taxpayer, against the City Comptroller pursuant to article 78 of the CPLR and seeks an injunction restraining the City Comptroller from issuing salary warrants in accordance with Local Law No. 8 on the ground that it is invalid because of procedural defects in its passage.
The second proceeding is similarly commenced by resident taxpayers[1] of the city to declare the law invalid and obtain restitution of the excess salary payments.
The respondents cross-move to dismiss the petitions in both proceedings for failure to state facts sufficient to constitute a cause of action pursuant to CPLR 3211 (subd. [a], par. 7) and on the ground that the proceeding is improper in form.
Respondents urge that an article 78 proceeding may not be used to review a legislative act. (Matter of Neddo v. Schrade 270 N. Y. 97; Matter of Long Is. R. R. Co. v. Hylan 240 N. Y. 199; Matter of Paliotto v. Cohalan 6 A D 2d 886, affd. 8 N Y 2d 1065.) That is the generally accepted rule when the proceeding questions the wisdom of the legislation or seeks to compel legislative changes. But article 78 relief is appropriate to collaterally attack administrative action threatened or done pursuant to an invalid law. (Matter of Bergerman v. Gerosa 208 Misc. 477, affd. 2 A D 2d 659, affd. 3 N Y 2d 855; Matter of Policemen’s Benevolent Assn, of Westchester County v. Board of Trustees of Vil. of Croton-on-Hudson, 21 A D 2d 693; cf. 39 St. John’s L. Rev. 49, 58 “ Review ability of Quasi-Legislative Acts of Public Officials in New York Under Article 78 of the C PLR.”
In any event, the proceeding should not be dismissed simply *193 because it may be improper in form. The court may treat the proceeding as a plenary action to declare the invalidity of Local Law No. 8. (CPLR 103; Matter of Mandis v. Gorski, 24 A D 2d 181; Matter of Nowak v. Wereszynski, 21 A D 2d 427.) If the municipality has proceeded under a want of authority or in excess of its authority, judicial intervention is warranted. (Stahl Soap Corp. v. City of New York, 5 N Y 2d 200; Matter of Mastrangelo v. State Council of Parks, 22 A D 2d 947; Matter of Mandis v. Gorski, supra.)
The petitioners, as City Treasurer and as resident taxpayers of the City of Utica have capacity as cotrustees and cestuis que trustent of city property, funds and effects to maintain these proceedings. Second Class Cities Law, § 22; Matter of Nowak v. Wereszynski, supra.) The Second Class Cities Law authorizes an action, in addition to other remedies provided by law, to prevent waste and injury to public property. The action, while similar to a taxpayer’s action under section 51 of the General Municipal Law is a separate and distinct remedy not requiring the necessary assessed valuation or bond. (Gregory v. Simpson, 173 App. Div. 6; Hearst v. McClellan, 102 App. Div. 336 [construing Greater New York Charter, § 59 which is similar to Second Class Cities Law, § 22].) If the respondents are authorizing, paying or receiving salary funds illegally, then petitioners are entitled to injunctive relief. (Hicks v. Eggleston, 105 App. Div. 73.)
Adoption of local laws is governed by the provisions of article 3 of the Municipal Home Rule Law. After a local law is adopted by the legislative body, section 21 of that statute provides that it shall be forwarded to the Mayor for his approval or veto. If the Mayor disapproves it, he shall return it to the Clerk of the Common Council with his objections to be transmitted to the local legislative body at its next regular meeting. The legislative body may, within 30 days thereafter, reconsider and adopt the same by appropriate vote.
In ithis instance, the local law vetoed by the Mayor was returned to the Common Council by the Clerk at a special meeting called to receive the veto and the objections and to adopt the local law.
Petitioners contend that the Council could only override the Mayor’s veto at a regular meeting, i.e., a meeting established by the general orders and rules of the Council and the law is therefore void. Respondents’ position is that this was merely an irregularity which does not strip the local law of its force and effect.
*194 There is no prohibition against overriding a veto at a special meeting. The local law may be reconsidered by the Council at any time within 30 days after the Clerk returns the legislation with the Mayor’s objections and enters them in the Council records. The prohibition is against the Clerk submitting the legislation at any but the next regular meeting. The local law was not properly before the Common Council on December 30, 1967.
When the statute says a regular meeting, it does not mean a special meeting. Thus, section 33 of the Second Class Cities Law provides: “The common council shall hold regular meetings at times to be determined by it * * * the president of the common council, or a majority of its members, may call a special meeting ”. A special meeting is a meeting called for a special purpose. It is a meeting at which nothing can be done beyond the specified objects of the call. (Cf. 39A, Words and Phrases, Special Meeting, p. 301 and cases cited thereunder.) A regular meeting is a meeting convened at a stated time and place pursuant to a general order, statute or resolution. (Cf. 36A, Words and Phrases, Regular Meeting, p. 282 and cases cited thereunder.)
The distinction is meaningful. Noncompliance is not a mere irregularity. The power delegated by the Legislature for home rule must be exercised in accordance with the procedural requirements of the statute. A city may revise its charter “ by local law adopted by its legislative body pursuant to the provisions of this chapter and subject to the procedure prescribed by this chapter ” (Municipal Home Rule Law, § 10, subd. 1, par. [ii], subpar. c, cl. [1]).
The mischief apprehended is hasty legislative action against the public interest without adequate publicity. For that reason, the courts have held the statutory procedural requirements for amending local laws or charters must be observed. (Bareham v. City of Rochester, 246 N. Y. 140, 150-151; Matter of Collins v. City of Schenectady, 256 App. Div. 389; 40 N. Y. Jur., Municipal Corporations, § 713.) The procedural steps required by enabling acts of municipalities are regarded as mandatory. (Keeney v. Village of LeRoy, 22 A D 2d 159.)
Directly in point is Matter of Pillion v. Magee (175 Misc. 698), holding a local law passed over the Mayor’s veto without a public hearing and at a special meeting was invalid under section 14 of the City Home Rule Law. Section 21 of the Municipal Home Rule Law contains essentially the same language as the former statute. Also in point is a case where an ordinance *195 was passed contrary to a charter requirement that ordinances he passed over veto at the next regular meeting. (Cf. Gleason v. Peerless Mfg. Co., 1 App. Div. 257, affd. 163 N. Y. 574.)
Respondents claim the new home rule law is to be liberally construed. (N. Y. Const., art. IX, § 3, subd. [c]; Municipal Home Rule Law, § 51; cf. 14 Buffalo L. Rev. 484, 490, ‘‘ Home Rule: A Fresh Start.”) That direction applies to interpreting the powers of municipal corporations, not to the procedural formalities for implementing those powers. (Cf. Bareham v. City of Rochester, supra, p. 151.)
The respondents next allege that the Mayor’s failure to hold a public hearing before vetoing the law as provided in section 21 of the Municipal Home Rule Law renders the veto ineffective and, therefore, the legislation became law by reason of the provisions of the statute which state that if the Mayor shall fail to act within 30 days, the legislation shall be determined to be adopted. Subdivision 5 of section 20 of the Municipal Home Rule Law does not forbid vetoing a local law without a hearing. It forbids approving a local law without a public hearing. How the Mayor’s veto can be construed to be approval escapes me. Approval is presumed by inaction, but a veto is an act of disapproval. There is nothing equivocal or dilatory about it. Two irregularities in the proceedings do not make them regular.
In view of the court’s determination that Local Law No. 8 was never legally adopted, it is not necessary to consider the arguments as to the propriety of salary payments made before the legislation was filed with the Secretary of State. (Municipal Home Rule Law, § 27, subds. 1, 3, 4.)
City of Utica Local Law No. 8 of 1967 is void.
The demand of petitioner Barile that an injunction issue restraining the issuance of salary warrants pursuant to that local law by the respondent Comptroller is granted. (CPLR 3017, subd. [a].)
The respondents in the proceeding Landers v. Wereszynshi are ordered to refund to the City Treasurer all funds received by them by way of salary payments under Local Law No. 8 of 1967 which are in excess of salary properly due and payable under salary authorizations existing prior to December 30, 1967. (CPLR 3017, subd. [a].)
All respondents are enjoined from enforcing or acting pursuant to Local Law No. 8 of 1967. (CPLR 3017, subd. [b].)
Respondents’ motions to dismiss the petitions are denied.

. The allegation does not appear in the petition. The parties have stipulated in writing that petitioners Landers and Listoviteh are resident taxpayers. Petitioner Camesano is not and as to him the petition is dismissed.