20387

Ellen COOPER et al., Appellants, v. Joe E. BALES et al., Respondents.
(233 S. E. (2d) 306)

*Jean Hoefer Toal,* and *Jay Bender,* of *Belser, Baker, Belser, Barwick & Toal,* Columbia, *for Appellants,*

*Francis P. Mood, Esq.,* of *Boyd, Knowlton, Tate & Finlay,* Columbia, *for Respondents,*

H. *Page Dees, Esq.,* of *Zeigler, Dees & McEachin,* Florence, *for Amicus Curiae,*

March 17, 1977.

NESS, Justice:

Appellants instituted this class action seeking injunctive relief under the South Carolina Freedom of Information Act (FOIA). § 1.20 *et seq.,* Code of Laws (1975 Cum. Supp.). The trial judge refused injunctive relief resolving all issues against the appellants. We affirm.

Appellants are citizens and residents of Richland County who allege violations of FOIA by the Board of School Commissioners of Richland County School District Number One and members of the District's administrative staff. The first three alleged violations pertain to the "open records" section of FOIA.[1]

The initial challenged Board policy and procedure relates to the dissemination of materials prepared by Board members or district staff members. Statements regarding items being placed on the agenda for a Tuesday Board meeting must be submitted to the district office by the preceding Thursday evening. During this interval, informational data is assimilated, packets are mailed

---

[1] "Except as otherwise specifically povided by laws now in effect, or laws hereafter enacted to provide otherwise, all public records, as defined in § 1-20.1, shall be open to inspection and copying during the regular business hours of the custodian of the records." § 1-20.2, Code lof Laws (1975 Cum. Supp.).

to Board members for their review, the agenda is prepared, and the public is notified of items scheduled for discussion.

The trial court found that such items prepared by the Board members were the work product of the member submitting it and Board policy accorded him the right to release the materials prior to the Board meeting.[2] Otherwise, the material is entirely disclosed at the subsequent meeting and published agenda advises the public of the items to be discussed.

The trial court correctly noted that from Friday to Tuesday the Board members are able to adequately reflect on the issues, prepare for the meeting, assess his position, and modify or withdraw his stance prior to a public pronouncement.

Mandatory immediate disclosure of the proposed statements would discourage the free flow of innovative proposals and the flexibility of open-mindedness. Board members would be forced to take public stands on issues without the benefit of input from fellow members, staff prepared informational data, and public sentiment. Not all ideas are meritorious; fresh thought should not be stymied by premature public posture on the subject. The present Board policy allows the author of an agenda item to disclose his position if he so desires. Those who are not so steadfast in their convictions should not be forced to immediately reveal initial sentiments which are subject to modification or reversal.

Most items affecting substantial public interest require two readings before any action is taken on them. As indicated by the trial court, mandatory disclosure of these statements would not best serve the public interest particularly in light of the short interval during which these materials

---

2 "The time and date of release for agenda materials shall be at the discretion of the author, or if no time and date are specified, the release shall be the same time and date as that of the meeting at which the materials are to be presented." Release of Board Agenda Materials Procedures, May 27, 1975.

are not made public. We agree that FOIA is not violated by this Board policy. § 1-20.1, Code of Laws (1975 Cum. Supp.).

The superintendent may also publicly release his material, prepared prior to the Board meeting, pursuant to the Board policy. The trial court found that all agenda material prepared by the superintendent is used in administrative briefings. Executive sessions are authorized for the purpose of administrative briefings of the Board. § 1-20.3, Code of Laws (1975 Cum. Supp.). It necessarily follows that such materials are not subject to mandatory public disclosures.

■ Violation of FOIA is next asserted in the Board's refusal to release a copy of the proposed school budgets under consideration. The trial court found that these documents were incomplete working papers utilized for staff administrative briefings on proposals and revisions of budget items. The papers also contained personnel matters such as possible job eliminations, reassignment of positions, and salary calculations. As administrative briefing material and privileged subject matter, the proposed budgets are protected by FOIA. § 1-20.3, Code of Laws (1975 Cum. Supp.).

■ Appellants also unsuccessfully sought access of the Board's executive session minutes through discovery motions. Part of the minutes were released but, after an *in camera* inspection, the trial court held that the remainder of the minutes involved legal advice protected by the attorney-client privilege and FOIA. § 1-20.3, Code of Laws (1975 Cum. Supp.); *South Carolina State Highway Department v. Booker,* 260 S. C. 245, 195 S. E. (2d) 615 (1973).

All sections of FOIA must be harmoniously construed. *Bradford v. Byrnes,* 221 S. C. 255, 70 S. E. (2d) 228 (1952); *Caughman v. Columbia Y.M.C.A.,* 212 S. C. 337, 47 S. E. (2d) 788 (1948). Section 1-20.3 would be rendered meaningless if Section 1-20.2 was construed to pub-

licize all matters discussed in executive sessions. Authorized closed meetings with mandated revelation of the records of such meetings would produce an irreconcilable and nonsensical result and we refuse to apply such an interpretation.

The final four alleged violations relate to the "open meetings," section of FOIA.[3]

Appellants protest the Board's policy authorizing the Board to meet in "executive sessions" and "study sessions" in which public participation is curtailed. The trial court found that while the terminology varied, all authorized extraordinary sessions were tantamount to administrative briefing sessions.

No action is taken in these sessions. All administrative briefings may be held in executive session. § 1-20.3(b)(1), Code of Laws (1975 Cum. Supp.). However, the Board has adopted more stringent standards holding closed administrative briefing sessions only when the subject matter being discussed otherwise qualifies for executive session. We agree with the trial court that the spirit and purpose of FOIA is not violated, but enhanced.

The propriety of the Board's consideration of a request for the proposed budget in executive session is next questioned by the appellants. The trial court found that because of the privileged items in the budget, the Board could discuss the implications of the release of this information in executive session. We agree.

The final two issues presented are moot and need not be discussed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.

---

[3] "Except as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of each public agency of the State shall be open to the public." § 1-20.3, Code of Laws (1975 Cum. Supp.).