# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Stephen George Brock, Petitioner,

v.

Town of Mount Pleasant, Respondent.

Appellate Case No. 2015-000406

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Charleston County
J.C. Nicholson, Jr., Circuit Court Judge

---

Opinion No. 27621
Heard February 10, 2016 – Filed April 13, 2016

---

## AFFIRMED AS MODIFIED

---

Robert Clyde Childs, III, of The Childs Law Firm, and J. Falkner Wilkes, both of Greenville, for Petitioner.

James J. Hinchey, Jr. and Julia P. Copeland, both of Hinchey, Murray & Pagliarini, LLC, of Charleston, for Respondent.

---

**JUSTICE KITTREDGE:** We issued a writ of certiorari to review the court of appeals' decision in *Brock v. Town of Mount Pleasant*, 411 S.C. 106, 767 S.E.2d 203 (Ct. App. 2014), that the Town of Mount Pleasant (the Town) did not violate

the Freedom of Information Act (FOIA)[1] by taking unnoticed action following executive sessions at special meetings.  Having carefully reviewed the record and law, we agree with Petitioner Stephen George Brock that the Town technically violated FOIA and that the court of appeals erred in relying on the discussion of regular meetings in *Lambries v. Saluda County Council*, 409 S.C. 1, 760 S.E.2d 785 (2014), in resolving the underlying challenge concerning special meetings.  We accordingly modify the decision of the court of appeals.  This technical FOIA violation shall be included in the court of appeals' existing remand to the trial court as an additional matter in Petitioner's request for attorney's fees.

## I.

The facts and procedural history are set forth in the court of appeals' opinion.  The disputed actions occurred during special meetings for which the Town issued agendas listing an executive session but not indicating Town Council would take action following the executive session.  Petitioner, who was a member of the Town's Planning Commission and the president and general manager of a local television station, filed a complaint against the Town alleging numerous violations of FOIA and seeking declaratory and injunctive relief.[2]

The trial court granted Petitioner partial relief, but ruled against him on the issue of "whether a matter added to an agenda for an executive session may be acted on . . . by a public body upon reconvening to open session."  The court of appeals ruled against Petitioner on the issue as well, concluding that "the Town did not violate . . . FOIA by acting on items added to special meeting[] agendas upon reconvening to open session."  *Brock*, 411 S.C. at 124, 767 S.E.2d at 212.  We issued a writ of certiorari to review that portion of the court of appeals' opinion.  We note here that Petitioner does not seek to set aside any of Town Council's actions, but merely

---

[1] S.C. Code Ann. §§ 30-4-10 to -165 (2007 & Supp. 2015).

[2] Petitioner specifically complained about the sufficiency of the notice provided by the agendas for three meetings.  The agenda for one meeting listed only an executive session, while another indicated Town Council would go into executive session and then adjourn.  The third agenda indicated Town Council would act on only one of the three items listed for discussion during the executive session.  Petitioner alleged the agendas were insufficient to give the public notice of actions that were taken following the executive sessions.

seeks a declaration that the Town violated FOIA.[3]

## II.

### A.

"The standard of review in a declaratory action is determined by the underlying issues." *Nationwide Mut. Ins. Co. v. Rhoden*, 398 S.C. 393, 398, 728 S.E.2d 477, 479 (2012) (citing *Felts v. Richland Cnty.*, 303 S.C. 354, 356, 400 S.E.2d 781, 782 (1991)). "The interpretation of a statute is a question of law." *Sparks v. Palmetto Hardwood, Inc.*, 406 S.C. 124, 128, 750 S.E.2d 61, 63 (2013) (citing *CFRE, L.L.C. v. Greenville Cnty. Assessor*, 395 S.C. 67, 74, 716 S.E.2d 877, 881 (2011)). This Court may interpret statutes, and therefore resolve this case, "without any deference to the court below." *CFRE*, 395 S.C. at 74, 716 S.E.2d at 881 (citing *City of Rock Hill v. Harris*, 391 S.C. 149, 152, 705 S.E.2d 53, 54 (2011)).

### B.

"The essential purpose of FOIA is to protect the public from secret government activity." *Lambries*, 409 S.C. at 8–9, 760 S.E.2d at 789 (citing *Wiedemann v. Town of Hilton Head Island*, 330 S.C. 532, 535 n.4, 500 S.E.2d 783, 785 n.4 (1998)).

In declaring FOIA's purpose, the General Assembly has found

---

[3] We also granted Petitioner's petition for a writ of certiorari to review the court of appeals' holding that certain issues raised to the trial court, including the effect of Town Council's subsequent ratification of unnoticed actions, were not preserved for appellate review. *See Brock*, 411 S.C. at 118–19, 767 S.E.2d at 209. We agree with Petitioner that the court of appeals erred, for the issues were properly raised to and ruled upon by the trial court. *See, e.g.*, *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779–80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court."). However, because Petitioner does not seek to set aside any of Town Council's actions, resolution of this issue on the merits is unnecessary and we decline to address it further. *See, e.g.*, *Wallace v. City of York*, 276 S.C. 693, 694, 281 S.E.2d 487, 488 (1981) (per curiam) ("The function of appellate courts is not to give opinions on merely abstract or theoretical matters, but only to decide actual controversies injuriously affecting the rights of some party to the litigation.").

"that it is vital in a democratic society that public business be performed in an open and public manner so that citizens shall be advised of the performance of public officials and of the decisions that are reached in public activity and in the formulation of public policy."

*Id.* at 9, 760 S.E.2d at 789 (quoting S.C. Code Ann. § 30-4-15 (2007)). "'Toward this end, [FOIA's] provisions . . . must be construed so as to make it possible for citizens, or their representatives, to learn and report fully the activities of their public officials at a minimum cost or delay to the persons seeking access to public documents or meetings.'" *Id.* at 9, 760 S.E.2d at 789 (alterations in original) (quoting S.C. Code Ann. § 30-4-15).

In 2007, when the meetings at issue in this case occurred, agendas were not required for regularly scheduled council meetings. *See* S.C. Code Ann. § 30-4-80(a) (2007) ("Agenda, *if any*, for regularly scheduled meetings . . . . (emphasis added)) (amended 2015); *Lambries*, 409 S.C. at 16, 760 S.E.2d at 793 ("[N]owhere in FOIA is there a statement that an agenda is required for regularly scheduled meetings."). Because no agendas were required for regularly scheduled meetings, we held in *Lambries* that FOIA did not prohibit a public body from amending a posted agenda once a regularly scheduled meeting began. *Lambries*, 409 S.C. at 18, 760 S.E.2d at 794 ("[W]e decline to judicially impose a restriction on the amendment of an agenda for a regularly scheduled meeting, especially when it is clear that no agenda is required at all.").

However, regarding special meetings, FOIA imposed the following requirements:

All public bodies must post . . . public notice for any called, special, or rescheduled meetings. Such notice must be posted as early as is practicable but not later than twenty-four hours before the meeting. The notice must include the agenda, date, time, and place of the meeting. This requirement does not apply to emergency meetings of public bodies.[4]

S.C. Code Ann. § 30-4-80(a), *amended by* Act of June 8, 2015, No. 70, 2015 S.C.

---

[4] Although this case is governed by the previous version of the statute, FOIA now requires agendas for regularly scheduled meetings and sets forth a specific procedure for amending agendas during meetings. S.C. Code Ann. § 30-4-80(A) (Supp. 2015).

Acts 320 (codified at S.C. Code Ann. § 30-4-80 (Supp. 2015)).

FOIA defines a "meeting" as "the convening of a quorum of the constituent membership of a public body . . . to discuss or act upon a matter over which the public body has supervision, control, jurisdiction[,] or advisory power." S.C. Code Ann. § 30-4-20(d) (2007). FOIA does not contain a definition of "special meeting." *See Lambries*, 409 S.C. at 14, 760 S.E.2d at 791. However, in *Lambries*, this Court described special meetings as "meeting[s] called for a special purpose and at which nothing can be done beyond the objects specified for the call." *Id.* at 15, 760 S.E.2d at 792 (citing *Barile v. City Comptroller*, 288 N.Y.S.2d 191, 196 (Sup. Ct. 1968)). It is undisputed the challenged meetings were special meetings.

During an open meeting, public bodies may vote to close the meeting and go into an executive session for certain enumerated purposes. S.C. Code Ann. § 30-4-70(a)–(b) (2007) (allowing executive sessions for the discussion of sensitive topics, including employment matters, negotiations dealing with the purchase of property, and the receipt of legal advice). Importantly, "[n]o action may be taken in executive session except to (a) adjourn or (b) return to public session." *Id.* § 30-4-70(b). Therefore, "[FOIA] does not require that an agenda for an executive session be posted or that the news media be notified of the agenda of an executive session." *Herald Publ'g Co. v. Barnwell*, 291 S.C. 4, 11, 351 S.E.2d 878, 883 (Ct. App. 1986).

## III.

### A.

In relying on this Court's ruling in *Lambries* that FOIA imposed no restrictions on amending discretionary agendas, the court of appeals failed to distinguish between regular meetings and special meetings. *See Brock*, 411 S.C. at 117, 767 S.E.2d at 208 (quoting *Lambries*, 409 S.C. at 18, 760 S.E.2d at 794). The court of appeals noted that, like regularly scheduled meetings at that time, "FOIA does not mandate an agenda for executive sessions." *Id.* at 120, 767 S.E.2d at 210. Therefore, the court of appeals held that once an agenda was amended to allow discussion of additional items during the executive session, "Town Council could certainly act on the agenda items upon reconvening to public session." *Id.* at 120, 767 S.E.2d at 210. Importantly, the court of appeals concluded that by issuing an agenda for a special meeting listing an executive session, which could thereafter be freely

amended, the public not only "had notice Town Council desired to confer . . . in closed session regarding certain matters," but also that Town Council "may take some action upon reconvening to open session." *Id.* at 119–20, 767 S.E.2d at 209–10.

### B.

The court of appeals erred in failing to recognize the distinction between regularly scheduled meetings and special meetings. *See Lambries*, 409 S.C. at 16, 760 S.E.2d at 792 (stating that by requiring agendas for regularly scheduled meetings and prohibiting amendments to those agendas, the court of appeals had "treat[ed] a regularly scheduled meeting as a called, special, or rescheduled meeting"). Thus, the court of appeals' holding that Town Council could take *any action* on *any item* that was properly discussed during an executive session is in conflict with *Lambries*, wherein we noted that in special meetings, "nothing can be done beyond the objects specified for the call." *Id.* at 15, 760 S.E.2d at 792 (citing *Barile*, 288 N.Y.S.2d at 196). The court of appeals erred in concluding that an agenda giving notice of discussion during an executive session necessarily implies action following that discussion.

We recognize, and Petitioner does not dispute, that unnoticed items may be added to an executive session discussion at the time of a meeting. *See Brock*, 411 S.C. at 120 & n.11, 767 S.E.2d at 210 & n.11. However, after the executive session concludes and the public body reconvenes in open session, any action taken or decision made must be properly noticed and, in the case of special meetings, such items may not exceed the scope of the purpose for which the meeting was called. In so ruling, we do not suggest that an agenda must specifically state the action to be taken; rather, it is sufficient for the agenda to reflect that, upon returning to open session, action may be taken on the items discussed during the executive session.

### C.

Although we conclude the Town committed technical violations of FOIA, we are not unsympathetic to the Town's position. We, like the trial court and court of appeals, recognize that unforeseen events often occur and Town Council may "not have known what action it would take—to include on an agenda—prior to discussing the relative legal issues and personnel matters during executive session." *Id.* at 119, 767 S.E.2d at 209. Thus, our holding does not require the Town to list with specificity the actions it plans to take following an executive

session; it only requires the Town give notice that some action may be taken. This gives Town Council the flexibility to act as may be discovered appropriate during executive sessions while ensuring the public receives notice Town Council may take such action.

## IV.

For the reasons discussed above, we modify the court of appeals' opinion by holding that the Town did violate FOIA by taking unnoticed action at special meetings following executive sessions. As this case is already being remanded to the trial court for a redetermination of attorney's fees, *see id.* at 124, 767 S.E.2d at 212, the trial court is instructed to add this ruling to its consideration of Petitioner's request for attorney's fees.

**AFFIRMED AS MODIFIED.**

**PLEICONES, C.J., BEATTY, HEARN, JJ., and Acting Justice Tanya A. Gee, concur.**