**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Alisha Baity, Aaron Baity, and Ambrose Nolan Baity, Appellants,

v.

Geraldine Vanessa Myers-Moore, Respondent.

Appellate Case No. 2023-001423

Appeal From Richland County
Maite Murphy, Circuit Court Judge

Unpublished Opinion No. 2026-UP-126
Submitted March 2, 2026 – Filed March 18, 2026

**AFFIRMED**

Thomas Jefferson Goodwyn, Jr., of Goodwyn Law Firm, LLC, of Columbia, for Appellants.

Joyce Farr Cheeks, of Law Office of Joyce Farr Cheeks, PC, of Columbia, for Respondent.

**PER CURIAM:** Alisha Baity, Aaron Baity, and Ambrose Nolan Baity (collectively, Appellants) appeal the circuit court's order affirming the probate court's dismissal for failure to commence their action under Rules 12(b)(4) and (5) of the South Carolina Rules of Civil Procedure. On appeal, Appellants argue Rule

5(d) of the South Carolina Rules of Civil Procedure does not require a party to serve a *filed* copy of the summons and complaint, and pursuant to Rules 3(a) and 4(b) of the South Carolina Rules of Civil Procedure, the summons and petition were filed before the statute of limitations expired and included the correct case number.  We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err in affirming the probate court's order dismissing Appellants' action with prejudice because Rule 3(a) and Rule 5(d) unambiguously provide that to properly commence an action, the filing party must timely serve a copy of the *filed* summons and complaint on the opposing party. Appellants improperly served Respondent with an *unfiled* copy of the summons and petition and proper service of the *filed* copy of the summons and petition was not completed before the statute of limitations expired or within 120 days of filing the summons and petition; therefore, Appellants failed to properly commence their action.  *See In re Est. of Rider*, 407 S.C. 386, 391-92, 756 S.E.2d 136, 139 (2014) ("An appellate court's determination of the standard of review for matters originating in the probate court is controlled by whether the cause of action is at law or in equity." (quoting *Holcombe-Burdette v. Bank of Am.*, 371 S.C. 648, 654, 640 S.E.2d 480, 483 (Ct. App. 2006))); *Smith v. Lawton*, 435 S.C. 179, 186, 865 S.E.2d 782, 786 (Ct. App. 2021) ("An action to contest a will is an action at law." (quoting *In re Est. of Cumbee*, 333 S.C. 664, 670, 511 S.E.2d 390, 393 (Ct. App. 1999))); *id.* ("If a proceeding in the probate court is in the nature of an action at law, review by [an appellate] court extends merely to the correction of legal errors." (quoting *In re Est. of Paradeses*, 426 S.C. 388, 391, 826 S.E.2d 871, 873 (Ct. App. 2019))); *id.* ("In such cases, '[an appellate c]ourt may not disturb the probate [court's] findings of fact unless a review of the record discloses there is no such evidence to support them." (second alteration in original) (quoting *Cumbee*, 333 S.C. at 670, 511 S.E.2d at 393)); *In re Est. of Weeks*, 329 S.C. 251, 258, 495 S.E.2d 454, 458 (Ct. App. 1997) ("[T]he Probate Code provides in the absence of a specific probate court rule, the rules of civil procedure applicable in the court of common pleas shall be applied in the probate court unless to do so would be inconsistent with the provisions of the Code."); S.C. Code Ann. § 62-1-304 (2022) ("The South Carolina Rules of Civil Procedure . . . adopted for the circuit court and other rules of procedure in this title govern formal proceedings pursuant to this title."); *Davis v. S.C. Dep't of Corr.*, 444 S.C. 138, 149, 906 S.E.2d 569, 575 (2024) ("Determining the proper interpretation of a statute is a question of law, and [an appellate c]ourt reviews questions of law de novo." (quoting *Town of Summerville v. City of N. Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008))); *Garrison v. Target Corp.*, 435 S.C. 566, 576, 869 S.E.2d 797, 803 (2022) ("Thus, [an appellate c]ourt may interpret statutes 'without any deference to the

court below.'" (quoting *Brock v. Town of Mt. Pleasant*, 415 S.C. 625, 628, 785 S.E.2d 198, 200 (2016))); *id.* at 577, 869 S.E.2d at 803 ("Similarly, '[i]n interpreting the meaning of the South Carolina Rules of Civil Procedure, [an appellate c]ourt applies the same rules of construction used to interpret statutes.'" (first alteration in original) (quoting *S.C. Hum. Affs. Comm'n v. Chen*, 403 S.C. 509, 519, 846 S.E.2d 861, 866 (2020))); *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("Under the plain meaning rule, it is not [an appellate] court's place to change the meaning of a clear and unambiguous statute."); *id.* ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and [an appellate] court has no right to impose another meaning."); Rule 5(d), SCRCP ("The summons and complaint shall be filed before service."); *McLain v. Ingram*, 314 S.C. 359, 360, 444 S.E.2d 512, 513 (1994) (holding service of a summons and complaint prior to filing was insufficient to commence an action for the purposes of the statute of limitations); Rule 3(a), SCRCP ("A civil action is commenced when the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or (2) if not served within the statute of limitations, actual service must be accomplished not later than 120 days after filing."); S.C. Code Ann. § 62-3-108(A)(2)(c) (Supp. 2025) ("[A] proceeding to contest an informally probated will . . . may be commenced within eight months from informal probate or one year from the decedent's death, whichever is later . . . .").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.